IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUTHUR J. MORRIS, | : | Case No. 4:13-CV-2236 |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| AMERICAN NATIONAL | : | (Magistrate Judge Mehalchick) |
| INSURANCE CORPORATION, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

July 7, 2015

**BACKGROUND:**

This is a breach of contract case predicated on this Court's diversity jurisdiction and brought under Pennsylvania law. It arises from the termination of a life insurance policy.

The complaint was originally filed in the Court of Common Pleas of Sullivan County, Pennsylvania, but was subsequently removed to this Court on August 26, 2013 (ECF No. 1). The issue before this Court is the motion for summary judgment of Defendant, American National Insurance Corporation (ECF No. 19) filed September 30, 2014. The motion has been fully briefed, oral

1

argument was held on May 4, 2015, and Magistrate Judge Karoline Mehalchick filed a Report and Recommendation on May 28, 2015. Plaintiff filed objections to Magistrate Judge Mehalchick's Report and Recommendation on June 15, 2015 (ECF No. 34), and Defendant filed a response to Plaintiff's objections on June 29, 2015 (ECF No. 35). The matter is now ripe for disposition.

**SUMMARY JUDGMENT STANDARD:**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Further, a dispute of material fact is only "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. When deciding a motion for summary judgment, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore v. Bell Telephone Company of Pennsylvania, 24 F.3d 508, 512 (3rd Cir. 1994).

The moving party is responsible for informing the Court of the basis for its

motion and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In response, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to a jury." Anderson 477 U.S. at 251-52. If there is a complete failure of proof on an essential element of the non-movant's case, all other facts become immaterial and the movant is entitled to summary judgment as a matter of law.

**DISCUSSION:**

The Court has thoroughly reviewed Magistrate Judge Mehalchick's detailed Report and Recommendation (ECF No. 33) and will adopt it in its entirety for the following reasons:

A. BREACH OF CONTRACT CLAIM (COUNT I)

The Court can grant a motion for summary judgment in a breach of contract action only when the language of the contract is unambiguous and the movant is entitled to judgment as a matter of law. Newport Associates Dev. Co. v. Travelers Indem. Co. of Illinois, 162 F.3d 789, 791 (3rd Cir. 1998). Pursuant to the Policy Agreement in this case, the Policy "lapses when the Policy Value is not sufficient

to provide for a Monthly Deduction. Coverage will terminate in accordance with the Grace Period Provision of th[e] Policy." ECF No. 20-1, at 8. Further, the Grace Period provision states:

> **GRACE PERIOD –** A Grace Period of 61 days is granted for the payment of a premium sufficient to cover the Monthly Deduction described in the Insufficient Policy Value provision of the Nonforfeiture Section. Notice of such premium will be mailed to the last known address of the Owner, at least 31 days prior to the Policy lapsing. Coverage is provided throughout the Grace Period. … If the required premium has not been received by the end of the Grace Period, all insurance coverage under this Policy and any Riders will terminate.

ECF No. 20-1, at 17. In other words, when the policy owner fails to pay for the next month's monthly deduction, said policy owner will have a 61-day grace period in which to make restitution by paying the amount necessary to cover that monthly deduction. If 61 days pass from the time the monthly deduction was due and payment is not received, the policy will be terminated. *During* that 61-day grace period, a letter will be sent to the policy owner 31 days prior to termination, reminding the owner that he needs to make the necessary restitution. In this case, the Court agrees with the holdings of Magistrate Judge Mehalchick and finds the terms of the contract to be abundantly clear.

It is undisputed that Plaintiff failed to make the June 22, 2012 payment in accordance with the policy provisions (ECF No. 20-1, at 30). Further, midway through the 61-day grace period, Plaintiff received a letter from Defendant, dated

July 22, 2012, indicating that Plaintiff's monthly deduction was due no later than August 22, 2012 or the coverage would be terminated pursuant to the policy provisions (ECF No. 20-1, at 30). Defendant did not receive a payment from Plaintiff until *after* August 22, 2012, the date the policy was terminated by Defendant in accordance with the clearly-enunciated policy provisions (ECF No. 20-1, at 32). Based on these undisputed facts, and given that the policy agreement is unambiguous, and no breach on the part of the Defendant has been shown, summary judgment with respect to the breach of contract claim (Count I) is GRANTED in favor of Defendant.

### B. BAD FAITH CLAIM (COUNT II)

Given that the termination of coverage was proper and in accordance with the unambiguous terms of the policy agreement, the Court agrees with Magistrate Judge Mehalchick's determination that there can be no finding of bad faith pursuant to 42 Pa. C.S.A. §8371. In order to recover on a bad faith claim, the insured must prove that the insurer unreasonably denied benefits under the policy and recklessly disregarded its lack of reasonable basis in denying the claim. Northwest Mutual Life Insurance Company v. Babayan, 430 F.3d 121, 137 (3rd Cir. 2005). In other words, the insured must show that the insurer breached its duty

of good faith. Id.

Here, Plaintiff failed to pay the monthly deduction due on June 22, 2012. Further, he failed to make restitution within the 61-day grace period that began on June 22, 2012. As a consequence, Defendant *did* have a reasonable basis for terminating Plaintiff's coverage according to the plain language of the policy. Therefore, summary judgment with respect to the bad faith claim (Count I) is GRANTED in favor of Defendant.

### C. DECLARATORY JUDGMENT ACTION CLAIM (COUNT III)

Finally, the Court agrees with Magistrate Judge Mehalchick's determination that the declaratory judgment action claim (Count III) is redundant in light of the breach of contract claim (Count I), therefore Count III is dismissed.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge